### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| CYNTHIA AND THERON KROPP, ) | | |
| o/b/o S.K., ) | | |
| ) | | |
|     *Plaintiffs* ) | | |
| ) | | |
| v. ) | Docket No. 06-81-P-S | |
| ) | | |
| SCHOOL UNION NO. 44, et al., ) | | |
| ) | | |
|     *Defendants* ) | | |

### *MEMORANDUM DECISION ON MOTION FOR LEAVE TO AMEND COMPLAINT*

    The plaintiffs seek leave to amend their complaint in this action to add another defendant or defendants, "the Wales School Department and/or the Wales Central School." Plaintiff's [sic] Motion to Amend Complaint, etc. ("Motion") (Docket No. 26) at 1.[1] The motion was filed on October 27, 2006. Docket. The deadline for amendment of the pleadings and joinder of parties in this action was August 3, 2006. Scheduling Order, etc. (Docket No. 12) at 1. The discovery deadline, initially set for October 19, 2006, *id.*, was enlarged to October 30, 2006, Docket No. 15. The deadline for filing dispositive motions is November 9, 2006. Scheduling Order at 2.

    The plaintiffs invoke the familiar language of Fed. R. Civ. P. 15(a) to the effect that leave to amend a pleading shall be freely given when justice so requires. Motion at 2. They suggest that they have only recently become aware that "the Wales School Department is an independent entity that also bears some or all of the responsibility" for the subject matter of their claims. *Id.*[2] The defendants

---

[1] The plaintiffs have not provided a copy of their proposed amended complaint.
[2] The plaintiffs make this observation "based on the recent deposition of one of the Defendants, Paul Malinski." Motion at 2. Neither
(*continued on next page*)

1

point out that the plaintiffs previously filed a complaint with the Maine Human Rights Commission against the three defendants named in this case, along with Wales Central School and two other individuals, which arose from the same events upon which the complaint in this action is based. *Compare* Charge of Discrimination (Exh. B to Defendants' Memorandum in Opposition to Motion to Amend Complaint ("Opposition") (Docket No. 27)) *with* Complaint (Docket No. 1). In the course of that proceeding, where the plaintiffs were represented by the same counsel representing them here, Charge of Discrimination at 7, the plaintiffs were informed on or about January 16, 2006 that the defendants in the Commission proceeding took the position that the proper respondent to their claims was the Wales School Department. Memorandum dated January 16, 2006 from Wales School Department to Maine Human Rights Commission (Exh. C to Opposition) at 1 n.1. Under these circumstances, justice does not require that the plaintiffs be allowed to add a new party to this action at this late date, after the close of discovery.[3]

In response to the defendants' contention that the plaintiffs were aware at the time they filed their complaint that the Wales School Department was a proper party defendant in this action, the plaintiffs assert that "*Lemerich* [*v. International Union of Operating Eng'rs,* 2002 WL 655333 (D. Me. Apr. 19, 2002),] dealt with this identical issue" and "[t]he Court found that even the local union's direct involvement in the Maine Human Rights Commission did not indicate any strategic decision as opposed to mistake on the part of Lemerich." Reply to Defendants' Opposition to Plaintiff's [sic] Motion to Amend Complaint, etc. ("Reply") (Docket No. 28) at 3. The issue is not whether the plaintiffs might have failed to include the Wales School Department as a plaintiff in their initial complaint for some strategic reason, but rather whether their delay in seeking to do so is excusable. That question was not at issue in *Lemerich*, where the motion to amend the complaint to add the locals

---

the plaintiffs nor the defendants has provided any information as to how "recent" that deposition was.

as defendants along with the international union originally named was granted over only any objection that it would be futile. *Lemerich v. International Union of Operating Eng'rs*, 2002 WL 24510 (D. Me. Jan. 2, 2002), at *1. There is no suggestion in either of the reported recommended decisions, both of which were subsequently adopted by the court,[4] that the plaintiff in that case did not seek to add the union locals as defendants until well after the deadline for doing so. The discussion on which the plaintiffs in this case rely addressed the question whether the addition of the parties should relate back to the time of the initial filing of the action for purposes of the applicable statute of limitations, 2002 WL 655333 at *2-*5, a question not present here.

Contrary to the plaintiffs' suggestion, Reply at 2-3, the defendants are under no obligation to "raise any issue through discovery or in any pleadings" concerning the need to name the Wales School Department rather than or in addition to School Union No. 44 as a defendant. The plaintiffs were certainly put on notice as early as January 16, 2006 by the filing in the Commission case that these defendants took the position that the Wales School Department was the appropriate defendant for their claims. If they or their counsel were subsequently doubtful as to the validity of that assertion, it was incumbent upon them to direct early discovery to that specific issue so as to meet the August 3, 2006 scheduling order deadline for amendment of pleadings and joinder of parties. All that the record before the court in this case demonstrates is an oversight by the plaintiffs that need not be excused. *Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1154 (1st Cir. 1992) (district court did not err in denying leave to amend complaint to include claim for mental pain and suffering filed two months after deadline to do so imposed by scheduling order had expired).

This court requires that a motion to amend filed after the deadline for amendment set by a scheduling order must establish good cause or excusable neglect. *Darling's v. General Motors*

---

[3] I note also that the plaintiffs did not at any time request an extension of the August 3, 2006 deadline for joining additional parties.

3

*Corp.*, 235 F.R.D. 26, 28 (D. Me. 2006), and cases cited therein.  The plaintiffs' submissions establish neither.

The motion for leave to amend is **DENIED**.


Dated this 2d day of November 2006.

>                   /s/ David M. Cohen
>                   David M. Cohen
>                   United States Magistrate Judge

---

[4] *Lemerich v. International Union of Operating Eng'rs*, Docket No. 01-124-B-C, Docket Nos. 39 & 48.

4